UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-P287-S

STACY ALLEN TAYLOR                                                              PLAINTIFF

v.

THE UNITED STATES OF AMERICA et al.                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Stacy Allen Taylor, filed a *pro se* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a federal prisoner currently awaiting trial in a criminal case. In his complaint submitted on this Court's general complaint form, Plaintiff names as Defendants the United States of America; the U.S. Attorney's Office; U.S. Attorney Jefferson Webb; DEA Western District Mark Bartlett; FBI Office Louisville, Ky.; U.S. Marshal's Office Western District; former judge Jennifer Coffman; and Attorney Larry Simon. In the portion of the complaint form which asks for the grounds for filing the case in federal court, he alleges, "[d]irect violation of the Patriot Act." In the statement-of-the-claims section of the complaint, Plaintiff alleges that Defendants ignored his plea for assistance with evidence Plaintiff had. He accuses them of coercing witnesses and manipulating the law and violating the rules of evidence. He alleges that they ignored an 18 U.S.C. § 3521 plea agreement he has with the CIA that the United States Attorney General presented to him in Germany. He asserts that he has immunity under § 3521 and if the CIA gave this to him in a fraudulent manner then Plaintiff should be allowed "to show

a jury the massive files, photos, assets, cables, emails, TS3 files, top secret files, bank statements, . . . given to the Plaintiff by the CIA and let the jury and proper media sort it out, for the public in Court."

As relief, he wants to present his evidence in a jury trial; wants witnesses removed from his criminal complaint; wants his 18 U.S.C. § 3521 agreement "ordered and honored" by the Court and the United States; and wants to turn over all "evidence, assets, and information to the Court or permission to turn it over to the media without reproductions."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges that Defendants have violated the Patriot Act and a section of the criminal code, § 3521, dealing with witness protection in the handling of his pending criminal action in this Court. Those allegations fail to state a claim upon which relief may be granted. The Patriot Act does not provide a private right of action. *See Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3rd Cir. 2011) (per curiam); *Spitzer Mgmt., Inc. v. Interactive Brokers, LLC*, No. 1:13 CV 2184, 2013 WL 6827945, at *2 (N.D. Ohio Dec. 20, 2013). Moreover, Plaintiff as a private citizen may not enforce the federal criminal code. *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). To the extent that he raises any allegations or defenses with regard to his pending criminal action, those allegations cannot be brought in this separate civil action.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: August 25, 2014

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4411.009

3